# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0263, <u>State of New Hampshire v. Thomas M. Ludwig</u>, the court on March 18, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Thomas M. Ludwig, appeals his conviction for driving while intoxicated, <u>see</u> RSA 265-A:2 (2014), arguing that the Superior Court (<u>Delker</u>, J.) erred in denying his request for an instruction on the sequestration rule.

Whether a particular instruction is necessary, and the scope and wording of the instruction, are matters within the sound discretion of the trial court. <u>State v. Noucas</u>, 165 N.H. 146, 154 (2013). We review the trial court's decisions on these matters for an unsustainable exercise of discretion. <u>Id</u>. In determining whether a ruling is a proper exercise of judicial discretion, we consider whether the record establishes an objective basis sufficient to sustain the discretionary decision made. <u>Id</u>. at 158. The defendant bears the burden of demonstrating that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

The State's only witness, Officer Dawson, testified that at approximately 1:18 a.m. on May 26, 2012, he was on patrol in the area of the Hood Middle School in Derry with Officer Clark when he observed the defendant's motor vehicle parked irregularly in the school parking lot. Dawson testified that when he approached the vehicle, he noted that the defendant, who was in the driver's seat, had "glassy, bloodshot eyes." Dawson also smelled an odor of an alcoholic beverage emanating from the vehicle. After returning to his cruiser to check the defendant's license and registration, Dawson approached the defendant's vehicle a second time and smelled "an overwhelming odor of cologne" emanating from the vehicle that had not been present previously. Dawson then asked the defendant to perform field sobriety tests, starting with the horizontal gaze nystagmus (HGN) test. Based upon his observations of the defendant, and the defendant's performance on the field sobriety tests, Dawson arrested him for driving while impaired by alcohol.

During Dawson's cross-examination, the trial court called a brief recess. During the break, which lasted approximately ten minutes, the prosecutor met with Dawson in a conference room, together with Clark, who had been sequestered from the courtroom during Dawson's testimony. When defense counsel resumed his cross-examination, he asked Dawson about the discussion in the conference room. Dawson testified that Clark asked "where we were in the trial," but that the participants "didn't go into any details about the case." Dawson testified that the prosecutor informed him that she planned to re-examine him after defense counsel's cross-examination, but he denied knowing what questions the prosecutor planned to ask.

After re-direct examination of Dawson regarding certain details of the investigation, including the administration of the HGN test, the State rested. The defendant called Clark to testify regarding his conversation with Dawson and the prosecutor during the break. Clark testified that Dawson and the prosecutor discussed the progress of the trial and how to perform a HGN test. Clark testified that he also asked the prosecutor during the break whether she planned to have him testify, and the prosecutor asked Clark whether he had observed the defendant apply the cologne. Clark did not testify in the State's case. After the break, Dawson offered no further testimony regarding the odor of cologne.

Based upon the officers' testimony, the defendant requested an instruction on the sequestration rule, to allow the jury to consider whether they had violated the rule. The trial court noted that it had issued an order sequestering the witnesses, but it interpreted its order to mean that the "witnesses can't hear each other's testimony . . . [or] discuss what was said in court during testimony." After considering the officers' testimony, the court concluded that there was no violation of the sequestration order and denied the request for an instruction.

The defendant argues that Dawson violated the sequestration rule by: (a) speaking to the prosecutor about the HGN test, a subject of his subsequent re-direct examination, in Clark's presence; and (b) remaining present when the prosecutor asked Clark about his potential testimony regarding the cologne.

The record does not include the trial court's sequestration order. However, the court did not interpret its order or the sequestration rule generally to prohibit the officers' conduct. Rule 615 of the New Hampshire Rules of Evidence excludes witnesses only from the courtroom. See N.H. R. Ev. 615 ("At the request of a party the court shall in criminal cases and may in civil cases order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion."). There is no evidence in the record which indicates that, during the recess, Dawson revealed to Clark the testimony he had given before the recess. The defendant has not identified any New Hampshire authorities, and we are not aware of

2

any, to support his position that the sequestration rule prohibits the officers' conduct in this case.  Accordingly, we cannot conclude that the trial court's denial of the defendant's request for a sequestration instruction constituted an unsustainable exercise of its discretion.  See Noucas, 165 N.H. at 158.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
